**UNITED STATES of America, Plaintiff,**

v.

**David Antonio MENDEZ–LOPEZ,
Defendant.**

**No. 81–CR–102–BT.**

United States District Court,
N. D. Oklahoma.

Dec. 22, 1981.

Frank Keating, U. S. Atty., N. D. Okl., Ben F. Baker, Asst. U. S. Atty., N. D. Okl., Tulsa, Okl., for plaintiff.

Richard Eiden, Los Angeles, Cal., Glen Van Slyke, Houston, Tex., for defendant.

## ORDER

BRETT, District Judge.

This matter comes before the Court on defendant's Motion to Dismiss. For the reasons set forth below, the motion is granted and the cause dismissed.

Defendant was arrested with three other persons on October 12, 1981, after the automobile in which they were traveling was stopped by a United States Border Patrol agent at the eastern terminus of the Will Rogers Turnpike in northeastern Oklahoma. Upon questioning from the Border Patrol agent, defendant admitted he had entered the United States without inspection and possessed no alien registration documentation. A complaint was then filed against defendant alleging a violation of 8 U.S.C. § 1304(e). Subsequently, following the granting of defendant's Motion to Transfer, the complaint was withdrawn and an information filed alleging the same offense.

Section 1304(e) of Title 8 of the United States Code provides, in pertinent part, as follows:

"Every alien, eighteen years of age and over, shall at all times carry with him and have in his personal possession any certificate of alien registration or alien registration receipt card issued to him pursuant to subsection (d)[1] of this section."

Defendant asserts, prior to his arrest, he had neither registered as an alien nor submitted to fingerprinting, and the Government does not controvert this statement. Defendant argues he cannot, therefore, be charged with the failure to possess "any" registration documentation "issued to him" under the foregoing statute because none was ever issued to him.

Most fundamental to American criminal jurisprudence is the principle that penal statutes must be strictly construed and one is not to be subjected to penalty unless the words of the statute plainly impose it. *See, e.g., United States v. Campos-Serrano,* 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971); *Keppel v. Tiffin Savings Bank,* 197 U.S. 356, 362, 25 S.Ct. 443, 445, 49 L.Ed. 790 (1905). This canon of construction does not, of course, require that every criminal statute be given the narrowest possible meaning in complete disregard of the purpose of the legislature. *United States v. Campos-Serrano,* 404 U.S. at 298, 92 S.Ct. at 474; *United States v. Bramblett,* 348 U.S. 503, 510, 75 S.Ct. 504, 508, 99 L.Ed. 594 (1955). Nevertheless, the precise language of the statute must not be deprived of all force. The principle of strict construction of criminal statutes demands some determinate limits be established based upon the actual words of the statute. *United States v. Campos-Serrano,* 404 U.S. at 298–99, 99 S.Ct. at 474–75.

The statute here in question, 8 U.S.C. § 1304(e), clearly requires each alien eighteen years of age and over to have in his personal possession "any certificate of alien registration or alien registration receipt card issued to him pursuant to subsection (d) of this section." Subsection (d) thereof provides that each alien who has been registered and fingerprinted shall be issued a certificate or receipt card. It is apparent to the Court § 1304(e) is intended to apply only to aliens who have been registered and fingerprinted and who have thus been issued a certificate or receipt card. To hold § 1304(e) applicable to aliens who have never been issued any such documentation would require the Court to disregard completely the phrase "issued to him", stripping the precise language of the statute of its plain meaning. Without a strong indication of a contrary legislative intent, the Court is unwilling to do such violence to the language of § 1304(e).

The Court has examined the legislative intent underlying § 1304(e) and finds it consonant with today's holding. As the

---

1. Subsection (d) reads as follows:

    "Every alien in the United States who has been registered and fingerprinted under the provisions of this chapter shall be issued a certificate of alien registration or an alien registration receipt card in such form and manner and at such time as shall be prescribed under regulations issued by the Attorney General."

United States Supreme Court noted in *United States v. Campos-Serrano*, 404 U.S. 293, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971), the essential purpose of an alien registration receipt card is to identify the bearer as a lawfully registered alien residing in the United States, and to govern the alien's activities and presence within this country. 404 U.S. at 299–300, 92 S.Ct. at 475. This being so, § 1304(e) applies only to aliens who have registered and been issued a certificate of alien registration or an alien receipt card. The Court takes note of the fact that all aliens are required to apply for registration and be fingerprinted under a separate statute, 8 U.S.C. § 1302(a)[2], and the penalty for the willful failure to do so is punishable by a penalty more severe than that provided for in § 1304(e).[3] It is, therefore, apparent the Congress made distinct provisions for registered aliens failing to carry their registration documents, and aliens failing ever to register in the first place.

Accordingly, inasmuch as defendant's assertion that he has never registered as required is uncontroverted, the Court must conclude the information filed against defendant alleging a violation of 8 U.S.C. § 1304(e) is fatally defective.

IT IS THEREFORE ORDERED defendant's Motion to Dismiss on the ground of a defective information is hereby sustained and the cause dismissed.

---

**2.** Section 1302(a) of Title 8, U.S.C., reads as follows:

"It shall be the duty of every alien now or hereafter in the United States, who (1) is fourteen years of age or older, (2) has not been registered and fingerprinted under section 1201(b) of this title or section 30 or 31 of the Alien Registration Act, 1940, and (3) remains in the United States for thirty days or longer, to apply for registration and to be fingerprinted before the expiration of such thirty days."

**3.** See 8 U.S.C. § 1306(a).